IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO MELGAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1696 |
| | § | |
| ALBERTO GONZALES, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF TRANSFER TO THE
FIFTH CIRCUIT COURT OF APPEALS**

Petitioner Jorge Alberto Melgar filed this proceeding on May 11, 2005 seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 challenging a final order of deportation issued by the Bureau of Immigration Appeals ("BIA") on April 15, 2005 [Doc. # 1]. Petitioner also seeks a stay of removal and a hearing on his request for a temporary restraining order [Doc. # 2]. The Government opposes all the relief Petitioner seeks, and seeks a transfer of this proceeding to the Court of Appeals for the Fifth Circuit. In particular, the Government contends that the District Court lacks subject matter jurisdiction over the proceeding as a result of the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA"), enacted on May 11, 2005. *See* Government's Motion to Transfer Case to Fifth Circuit Court of Appeals Pursuant to Section 106(c) of the REAL ID Act of 2005 [Doc. # 5]. The Government seeks a transfer of this proceeding to the Court of

Appeals for the Fifth Circuit pursuant to Section 106(a)(1)(B) of RIDA, which created a new provision, Section 242(a)(5) within the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(5), which vests exclusive authority to review orders of removal in the courts of appeals. *See* Government's Motion to Transfer, *passim*; Government's Response to Petitioner's Application for Stay [Doc. # 4], at 1-2.

The Government has agreed, both orally at the hearing and in its written response to Petitioner's application for a stay, to a limited stay of Petitioner's deportation/removal so long as this proceeding is transferred promptly to the Fifth Circuit Court of Appeals, and provided that Petitioner takes all steps necessary to perfect his petition for review within 30 days of the Court's transfer order. *See* Government's Response to Petitioner's Application for Stay, at 2.

The Court heard argument by the parties' counsel at a hearing held today. Based on the authorities cited by the parties in their oral and written submissions, it is clear that RIDA § 106(a)(1)(5), deprives this Court of jurisdiction to grant any of the relief sought by Petitioner. This proceeding was pending on the date of enactment of RIDA, and therefore, the Court "shall transfer" the matter to the Court of Appeals for the Fifth Circuit. *See* RIDA, § 106(c).

It is therefore **ORDERED** that this proceeding is hereby **TRANSFERRED to the Court of Appeals for the Fifth Circuit**. It is further

**ORDERED** that this transfer is **without prejudice** to the rights of any party in this proceeding. It is further

**ORDERED** that, once this proceeding has been docketed by the Clerk of the Court of Appeals for the Fifth Circuit, Petitioner **promptly shall file** with the Court of Appeals any further materials he deems necessary in pursuit of the relief he seeks. All further relief sought in this case must be sought from the Court of Appeals for the Fifth Circuit.

SIGNED at Houston, Texas, this **25th** day of **May, 2005**.

_____
Nancy F. Atlas
United States District Judge